IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| WILLIAM BURRIS, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>JO ANNE B. BARNHART, )<br>Commissioner, Social Security )<br>Administration, )<br>)<br>Defendant. ) | Case No. CIV-05-760-L |

## REPORT AND RECOMMENDATION

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of the final decision of the Commissioner of the Social Security Administration (Commissioner) denying his applications for disability insurance benefits and supplemental security income benefits. Pursuant to an order entered by United States District Judge Tim Leonard, the matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). The Commissioner has answered and filed the administrative record (hereinafter Tr. ___). Both parties have briefed their respective positions and thus the matter is at issue. For the reasons stated herein, it is recommended that the decision of the Commissioner be reversed and the matter be remanded for further administrative proceedings.

## I. PROCEDURAL HISTORY

Plaintiff filed his application for disability insurance benefits on March 3, 2003 and an application for supplemental security income benefits on March 10, 2003, with a protective filing date of February 6, 2003, alleging that he became disabled as of November 13, 2002, due to diabetes mellitus, lower back pain secondary to a gunshot wound, high

blood pressure and poor vision. Tr. 14, 45-47, 55, 101, 102-03. The applications were denied on initial consideration and on reconsideration at the administrative level. Tr. 21, 22, 23-25, 28-29, 104, 105-06, 107, 108-09. Pursuant to Plaintiff's request, a hearing de novo was held before an administrative law judge on August 3, 2004. Tr. 32-33, 119-46.[1] Plaintiff appeared in person with an attorney and offered testimony in support of his applications. Tr. 121, 123-39, 141-43, 144-45. A vocational expert also testified at the request of the administrative law judge. Tr. 39, 140-41, 143-44. The administrative law judge issued his decision on August 27, 2004, finding that Plaintiff was not disabled within the meaning of the Social Security Act and thus not entitled to benefits. Tr. 10-12, 13-19. The Appeals Council denied Plaintiff's request for review on May 6, 2005, and so the decision of the administrative law judge became the final decision of the Commissioner. Tr. 4-6, 7.

## II. STANDARD OF REVIEW

The Tenth Circuit Court of Appeals has summarized the applicable standard of review as follows:

> We review the agency's decision to determine whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied. Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. However, a decision is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it. The agency's failure to apply correct legal standards, or show us it has done so, is also grounds for reversal. Finally, because our review is based on the record taken as a whole, we will meticulously examine the record in order to determine if the evidence

---

[1] Ordinarily a social security record includes a copy of the claimant's application for a hearing before an administrative law judge. In this case no such form is in the file; however, there is a letter to the claimant's then-attorney indicating that Plaintiff had requested a hearing before an administrative law judge. Tr. 32-33.

> supporting the agency's decision is substantial, taking into account whatever in the record fairly detracts from its weight. However, we may neither reweigh the evidence nor substitute our discretion for that of the Commissioner.

Hamlin v. Barnhart, 365 F.3d 1208, 1214 (10th Cir. 2004) (internal quotations and citations omitted). The Commissioner follows a five-step sequential evaluation process to determine whether a claimant is disabled. Williams v. Bowen, 844 F.2d 748, 750-52 (10th Cir. 1988). The claimant bears the burden of establishing a prima facie case of disability at steps one through four. Id. at 751, & n. 2. If the claimant successfully meets this burden, the burden of proof shifts to the Commissioner at step five to show that the claimant retains sufficient residual functional capacity to perform work in the national economy, given his age, education, and work experience. Id. at 751.

## III. THE DECISION OF THE ADMINISTRATIVE LAW JUDGE

In determining that Plaintiff was not disabled, the administrative law judge followed the sequential evaluation process set forth in 20 C.F.R. § 404.1520 and 20 C.F.R. § 416.920. Tr. 14, 18. He first found that Plaintiff had not worked since his alleged disability onset date. Tr. 14, 18. At steps two and three, the administrative law judge found that Plaintiff suffered from "diabetes mellitus, back problems due to gunshot wound to his back, hypertension, and poor vision." Tr. 15, 18. The administrative law judge further determined that each of those impairments was "severe," but not severe enough to meet or medically equal, either singly or in combination, any of the impairments listed in 20 C.F.R. Part 404, Appendix 1, Subpart P, Social Security Regulations, No. 4. Tr. 15-16, 18. He next found that Plaintiff had the residual functional capacity (RFC) to lift and carry fifty pounds occasionally and twenty-five pounds frequently. Tr. 17, 18. The administrative

law judge further found that the Plaintiff can perform simple, routine tasks and maintain attention within customary tolerance; interact appropriately with co-workers and supervisors, and adapt to change in the work setting. Tr. 17. The administrative law judge found that Plaintiff may have a mild level of discomfort and fatigue. Tr. 17. Based on this residual functional capacity, the administrative law judge found at step four of the sequential evaluation process that Plaintiff was able to perform his past relevant work as a cook and dishwasher. Tr. 17, 18. Thus, the administrative law judge found that Plaintiff was not disabled and was not entitled to benefits. Tr. 17, 18, 19.

A. ISSUES ON APPEAL

Plaintiff urges three issues on appeal: First, he argues that the administrative law judge erred in failing to properly analyze his treating physician's opinion that he suffered from diabetic neuropathy in his feet. Plaintiff's Opening Brief, p. 8-11. Second, Plaintiff argues that the administrative law judge erred in failing to consider the impact of his obesity on his ability to work. Plaintiff's Opening Brief, p. 11-13. Finally, Plaintiff argues that the administrative law judge erred in failing to conduct a proper credibility analysis. Plaintiff's Opening Brief, p. 14-17.

A. **Peripheral Neuropathy and the Treating Physician Rule**

Plaintiff complains that the administrative law judge erred because he failed to discuss the opinion of his treating physician, Randall E. Sheets, M.D., regarding Plaintiff's diabetic neuropathy. Tr. 87. Specifically Plaintiff challenges the administrative law judge's determination that he could perform medium work, because "[a] full range of medium work requires standing or walking, off and on, for a total of approximately 6 hours in an 8-hour workday. . . ." Social Security Ruling 83-10, 1983 WL 31251, *6

(1983).[2] Plaintiff argues that if the administrative law judge had properly considered Dr. Sheets' August 28, 2003 notes regarding his monofilament test, that the administrative law judge would have recognized Plaintiff's inability to stand for such a long period. Dr. Sheets recorded that Plaintiff had no sensation in his feet during the monofilament test, indicative of peripheral neuropathy, and indicated this diagnosis in Plaintiff's record. Tr. 87.

In Watkins v. Barnhart, 350 F.3d 1297(10th Cir. 2003), the Tenth Circuit held that an administrative law judge must explain the weight given to a treating physician's opinion, even when the opinion is not considered controlling. Id. at 1300. The administrative law judge must supply "good reasons" for the weight ultimately given to the treating doctor's opinion. Id. at 1301 (citing 20 C.F.R. § 404.1527(d)(2)). Because in Watkins the administrative law judge failed to articulate the weight given to the treating doctor's opinion, remand was necessary. The Court explained:

> Here, the [administrative law judge] failed to articulate the weight, if any, he gave [the treating physician's] opinion, and he failed also to explain the reasons for assigning that weight or for rejecting the opinion altogether. We cannot simply presume the [administrative law judge] applied the correct legal standards in considering [the treating physician's] opinion. We must remand because we cannot meaningfully review the [administrative law judge's] determination absent findings explaining the weight assigned to the treating physician's opinion.

Id. (citing Drapeau v. Massanari, 255 F.3d 1211, 1214 (10th Cir. 2001)); Langley v. Barnhart, 373 F.3d 1116, 1119 (10th Cir. 2004). Dr. Sheets diagnosed Plaintiff with peripheral neuropathy. Although he did not render any opinion as to the extent that

---

[2] The administrative law judge did not make any specific findings regarding Plaintiff's ability to walk, stand and sit during a work day.

Plaintiff was disabled as a result of the alleged neuropathy, the administrative law judge was nevertheless obligated to indicate what weight he was giving that diagnosis. The administrative law judge noted Dr. Sheets' diagnosis of peripheral neuropathy, but gave no indication why he was disregarding that opinion in determining that Plaintiff's peripheral neuropathy was not "severe" or that it did not cause any limitations, especially on Plaintiff's ability to stand and walk for six hours in an eight hour day. Because the administrative law judge failed to abide by the treating physician rule, this matter is subject to remand for further administrative proceedings.

The Tenth Circuit Court of Appeals has made it clear that an administrative law judge's failure to delineate his findings regarding the weight given to medical opinions from treating sources is grounds for remand because, without these findings, the decision cannot be properly reviewed. See Watkins, 350 F.3d at 1300 ; Langley, 373 F.3d at 1123 (because administrative law judge failed to explain or identify claimed inconsistencies, reasons for rejecting that opinion are not "sufficiently specific" to enable meaningful review). "In choosing to reject the treating physician's assessment, an [administrative law judge] may not make speculative inferences from medical reports and may reject a treating physician's opinion outright only on the basis of contradictory medical evidence and *not due to his or her own credibility judgments, speculation or lay opinion*." McGoffin v. Barnhart, 288 F.3d 1248, 1252(10th Cir. 2002)(quotations omitted).

In this case the administrative law judge rejected the diagnosis of peripheral neuropathy made by Dr. Sheets without any comment. The administrative law judge's treatment of Dr. Sheets' opinion in this regard was insufficient, because once he noted

that Plaintiff had been diagnosed with peripheral neuropathy, the administrative law judge never again mentioned the condition or any limitations that it might cause. This failure is inconsistent with the treating physician rule and requires remand of this action.[3]

### B. Obesity

In his second argument Plaintiff argues that the administrative law judge erred in failing to consider the effects of his obesity on his ability to work. The Commissioner acknowledges that obesity is a complex, chronic disease characterized by excessive accumulation of body fat. Social Security Ruling 02-1p, 2000 WL 628049 at *2. The administrative law judge did not find that Plaintiff's obesity was severe at step two, despite the fact that the consultative examiner diagnosed Plaintiff with obesity and a history of chronic back pain. Tr. 94.

The Plaintiff bears the burden at step two of the sequential analysis to establish the existence of a "severe" impairment. A social security claimant must show more than the mere presence of a condition, the condition must have a vocationally relevant impact. Whitney v. Barnhart, No. 02-7083, 60 Fed.Appx. 266, 268 (10th Cir. March 24, 2003)[4] (citing Hinkle v. Apfel, 132 F.3d 1349, 1352 (10th Cir.1997); and Bowen v. Yuckert, 482

---

[3] The Commissioner argues that because the diagnosis of peripheral neuropathy was not made until after Plaintiff's alleged onset date, that the administrative law judge's failure to consider the peripheral neuropathy as a severe impairment is irrelevant. Although the timing of the diagnosis may impact Plaintiff's ability to obtain disability insurance benefits, in light of his last insured date, the impact of the date of diagnosis on Plaintiff's application for supplemental security income benefits would be to affect the onset date, and thus the amount of benefits, not the fact that benefits might be available as a result of Plaintiff's peripheral neuropathy. The undersigned makes no findings with regard to the severity of Plaintiff's peripheral neuropathy and whether he is entitled to benefits.

[4] This unpublished disposition cited as persuasive authority pursuant to Tenth Circuit Rule 36.3.

U.S. 137, 153 (1987)). Social Security Ruling 02-1p specifically notes that no level of obesity equates with "severe" at step two. 2000 WL 628049 at *4. An alleged impairment must "significantly limit[ ]" some "basic work activities" in order to be deemed sufficiently severe to satisfy the threshold standard for consideration imposed at step two in the analysis. 20 C.F.R. § 404.1520(c); 20 C.F.R. § 416.920(c). In light of the Plaintiff's historical weight and his past ability to work despite his relatively high body mass index (bmi), Plaintiff has not established that his obesity was "severe." Accordingly, the administrative law judge did not err in his consideration of Plaintiff's obesity.

## C. The Administrative Law Judge's Credibility Analysis

Finally, Plaintiff contends that the administrative law judge erred in conducting his review of Plaintiff's credibility. Plaintiff argues that the administrative law judge relied solely on his daily activities in reaching this conclusion.

"When the existence of a medically determinable physical or mental impairment(s) that could reasonably be expected to produce the symptoms has been established, the intensity, persistence, and functionally limiting effects of the symptoms must be evaluated to determine the extent to which the symptoms affect the individual's ability to do basic work activities." Social Security Ruling 96-7p, 1996 WL 374186, at *1. Such credibility determinations are peculiarly the province of the finder of fact, and they will not be upset on appellate review when they are supported by substantial evidence. Diaz v. Secretary of Health and Human Services, 898 F.2d 774, 777 (10th Cir. 1990); Kepler v. Chater, 68 F.3d 387, 391 (10th Cir.1995) (same). Some of the factors that may be considered in assessing a claimant's credibility as to his disabling pain include (1) his

8

daily activities; (2) the location, duration, frequency, and intensity of his pain; (3) factors that precipitate and aggravate the pain; (4) the type, dosage, effectiveness, and side effects of any medication he receives or has received for relief of pain; (5) treatment, other than medication, the claimant has received for relief of pain; and (6) any measures other than treatment the individual uses or has used to relieve pain or other symptoms. Social Security Ruling 96-7p, 1996 WL 374186, *3; 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3); Luna v. Bowen, 834 F.2d 161, 164-66 (10th Cir. 1987). In assessing a claimant's credibility, an administrative law judge must state the evidence upon which he relies. Qualls v. Apfel, 206 F.3d 1368, 1372 (10th Cir. 2000). He is not, however, required to undertake a factor-by-factor analysis and discuss every piece of evidence in the record. Id. Here, the administrative law judge acknowledged the governing standard and then stated:

> The claimant testified that he was living with his 72-year old mother and had not had a regular job in 1 to 2 years. The claimant testified that he mows his mother's lawn. He stated he rides around with his brother-in-law, who is retired. The claimant testified that he takes minimal medication and has not had any emergency room visits or hospitalizations since November 13, 2002, his alleged onset date of disability. The claimant stated he had a gunshot wound in 1989 but returned to work cooking after one year. The claimant testified that he was no longer drinking alcohol and he had started going to church. He stated that a doctor gives him free samples of diabetes medications. The claimant stated he rises at 7:00 or 7:30 am, takes care of personal hygiene, takes medication for high blood pressure and diabetes, then helps mow the lawn or gets someone to help. The claimant stated he had no valid driver's license and it had been suspended in 1994 or 1995 for a DUI. The claimant testified he watches television, reads bible, rides around with his brother-in-law, and takes care of bills. The claimant stated he was hospitalized in 2002 due to high blood pressure.

> The Administrative Law Judge finds that the claimant allegations of disabling impairment are not supported by credible facts and findings from which it can be concluded that he has an impairment that could reasonably be expected to cause the degree of limitation, which he alleged. There is no indication that his daily activities were curtailed to an extent that would suggest an inability to engage in all work activity. He testified he was able to mow the lawn, ride around with his brother-in-law, read, watch television and attend church. Although the claimant does experience some limitations, the Administrative Law Judge was not persuaded that it rose to a level of severity and was of such duration and intensity to preclude him from engaging in all substantial gainful activity.

Tr. 16. Plaintiff contends that the administrative law judge relied solely on his daily activities in assessing his credibility. However, the administrative law judge also noted that Plaintiff had no trouble getting up from a chair, had normal heel and toe walking, and a normal gait in terms of speed, stability, and safety. Tr. 15. The administrative law judge noted that the Plaintiff had sought very little medical treatment, that his diabetes mellitus and high blood pressure were controlled by medication and that he took very little pain medication. Tr. 15-16.

Although the administrative law judge could have discussed the evidence in greater detail, there was not much evidence to discuss. Further, the record need only demonstrate that an administrative law judge considered all of the evidence; he is not required to discuss every piece of evidence. Clifton v. Chater, 79 F.3d 1007, 1009-10 (10th Cir.1996). The administrative law judge noted Plaintiff's activities, his limited use of medications and his limited medical records. The administrative law judge adopted certain of Plaintiff's limitations, although not as severely as Plaintiff desired, finding that he suffered some pain and fatigue, not disabling pain and fatigue. Tr. 17.

Plaintiff alleges that the administrative law judge employed an incorrect legal standard in assessing his credibility because he considered whether Plaintiff's allegations were sufficient to preclude him from performing any work, as opposed to his past relevant work. Tr. 16. Plaintiff misinterprets the administrative law judge's findings. The administrative law judge concluded that Plaintiff's allegations of disabling pain and fatigue were not credible. The administrative law judge subsequently determined that Plaintiff could perform his past relevant work. The finding at page 16 was merely a step in assessing Plaintiff's residual functional capacity. The administrative law judge subsequently determined Plaintiff's exact abilities and then correlated those abilities to the requirements of Plaintiff's past relevant work. Accordingly, the administrative law judge's credibility analysis does not provide a basis for remand of this matter.

## RECOMMENDATION

Having reviewed the medical evidence of record, the transcripts of the administrative hearings, the decision of the administrative law judge and the pleadings and briefs of the parties, the undersigned Magistrate Judge recommends that the final decision of the Commissioner of Social Security Administration be reversed and remanded for further proceedings. The parties are advised of their right to file an objection to the Report and Recommendation with the Clerk of this Court by July 3rd, 2006, in accordance with 28 U.S.C. § 636 and Local Civil Rule 72.1. This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter.

ENTERED this 13TH day of June, 2006.

                                                         DOYLE W. ARGO
                                                         UNITED STATES MAGISTRATE JUDGE